IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER RHEA,                          :
                                           :
                Plaintiff,                 :
                                           :
                                           :     Case No. 2:26-cv-376
        v.                                 :     Judge Michael H. Watson
                                           :     Magistrate Judge S. Courter M. Shimeall
                                           :
STATE OF OHIO, *et al.*,                   :
                                           :
                Defendants.                :

ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Christopher Rhea, an Ohio resident proceeding without the assistance of counsel, filed this action on March 26, 2026, against the State of Ohio, Clerk of the Supreme Court of Ohio, Judge Steven L. Mowery, Judge Mallory, Solicitor John Haas, Chris Gerard, Bailiff of Portsmouth Municipal Court, Kimberly Potter, and Arrowhead Sidney - West Walnut LLC,[1] asserting a litany of federal and state violations.  (Compl., ECF No. 1-1.)  Plaintiff has also submitted a request to proceed *in forma pauperis*.  (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

_____

[1] Depending on the filing, different defendants are named in the caption and body of the text.  This Order is addressing the Defendants actually named in his Complaint.  (ECF No. 1-1, at PAGEID: # 4.)  It further appears that both Messrs. Haas and Gerard work for the Portsmouth Solicitor's Office. *See* https://portsmouthohio.org/solicitors-office/.

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Having performed the initial screen, and for the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B): for the following reasons: lack of jurisdiction; the Complaint is frivolous; and the Complaint otherwise fails to state a claim.

## I.    BACKGROUND

Plaintiff files this lawsuit, challenging the "Ohio Justice System," and seeking various forms of emergency relief from this Court.  (Compl., ECF No. 1-1.)  Although it is difficult to discern exactly what is being alleged in the Complaint itself, based on attached documents to the Complaint it appears that this lawsuit originally stems from an eviction proceeding in Portsmouth, Ohio, initiated by Arrowhead Sidney LLC against Plaintiff.  (*See* ECF No. 1-1, at PAGEID #: 24-25.)  It further appears that Plaintiff was dissatisfied with the initial outcome in state court because he alleges that he has filed requests for emergency relief in the various levels of state court, but that "the State of Ohio is in a state of Total Constitutional Default," and thus, he is seeking for this Court to intervene.  (ECF No. 1-1, at PAGEID #: 4.)

Plaintiff names in this lawsuit many of the parties involved in the eviction process, including the property management company and property manager, as well as the judges, attorneys, courts and court personnel, and government attorneys representing the Portsmouth Municipal Court.  (*See State Ex Rel Christopher Rhea v. The Portsmouth Municipal Court*, Case Number 26CA004173, filed in the Ohio Fourth District Court of Appeals.)  Plaintiff's Complaint consists of a two-page, single-spaced list of federal and state statutes that he alleges have been violated by Defendants, along with purported "Admissions" of each violation under Federal Rule of Civil Procedure 36.  The Court will not list them out, but suffice to say that Plaintiff is alleging

2

that various rights of his have been violated throughout that state court eviction process and subsequent appellate challenges.

As part of his Complaint, Plaintiff also filed an Emergency Motion for a Temporary Restraining Order and for Protective Custody, alleging that he is a "protected whistleblower" and believes that he is in imminent physical danger because of his whistleblower status, medical conditions, and because he is a black civil rights activist. (*Id.* at PAGEID #: 7.) He seeks emergency protection by the United States Marshals and a safe house. (*Id.*) He further alleges that he is in a "state of State-Induced Homelessness and Physiological Collapse." (ECF No. 5.) As relief, Plaintiff seeks $21,000,000.00, punitive damages in the amount of $211,000,000.00, the immediate arrest and removal of Defendants, and federal protective custody. (ECF No. 1-1, at PAGEID #: 5.)

Additionally, Plaintiff has continued to file emergency motions for relief, almost daily, in which he repeatedly seeks protective custody by the United States Marshals against the State "criminal enterprise." (*See* ECF Nos. 2, 4–7.) Plaintiff also seeks leave to file electronically. (ECF No. 3.)

## II.   LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess

4

at the nature of the claim asserted." *Wells*, 891 F.2d at 594.  Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two." *Hartzell v. Miami Cty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

### III.    ANALYSIS

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B) due to a lack of federal jurisdiction and for failure to state a claim.

First, under the *Younger* abstention doctrine, federal courts cannot interfere in state court proceedings.  *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)) ("*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.")  Federal courts must abstain from interfering in a state court matter if: "(1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

Here, all three *Younger* factors apply.  First, it appears from a review of the state court appellate docket (*State Ex Rel Christopher Rhea v. The Portsmouth Municipal Court*, Case Number 26CA004173, filed in the Ohio Fourth District Court of Appeals) that the matter is still pending.  Moreover, the state has an interest in adjudicating allegations against its own court systems and personnel, as well as in handling housing matters affecting its local community. Finally, the Court has no indication that the state court system is unable to address Plaintiff's

constitutional challenges.  Moreover, to the extent that Plaintiff is alleging that he has not had a fair review by the state courts, including the Ohio Supreme Court, the appellate matter remains pending—which means that he has not yet been denied relief.  In turn, any review by the Ohio Supreme Court would likely be premature.  Because Plaintiff's case arises from and seeks to challenge ongoing state court proceedings, this federal action is barred under the *Younger* abstention doctrine.

Second, insofar as Plaintiff is seeking federal court review of the state trial court's eviction decision, such a request would be barred under the *Rooker-Feldman* doctrine.  This is because federal district courts do not have jurisdiction to review state court decisions—the only federal court able to do so is the Supreme Court of the United States.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrines applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  When analyzing whether the *Rooker-Feldman* doctrine applies, the relevant question is "whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment."  *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (citation and quotations omitted).

In this case, Plaintiff's lawsuit challenges decisions made during state court proceedings, as well as the process itself.  Plaintiff alleges that he is currently experiencing "state-induced homelessness" due to the state court eviction proceeding—or, stated another way, a state court judgment.  As such, this action is barred by *Rooker-Feldman*.  *See e.g. Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 2, 2021) (finding that

6

*Rooker-Feldman* prevented a plaintiff from seeking "to undo the outcome of the state court eviction proceeding" in federal court). This determination does not change because Plaintiff is asserting federal constitutional claims. To that end, the state court is capable of addressing constitutional claims, and Plaintiff has alleged no *plausible* reason why the state court did not or could not do so. *See Manuel v. Jason*, No. 1:15-cv-784, 2015 U.S. Dist. LEXIS 175162, at *8 (S.D. Ohio Dec. 21, 2015) (collecting cases) ("To the extent that the complaint may be attempting to allege a federal constitutional claim, 'State courts, like Federal courts, have a constitutional obligation to safeguard personal liberties and to uphold Federal law.'" (citations omitted)).

Third, as a practical matter, most of the Defendants named in this lawsuit are either immune from suit or cannot be sued for federal civil rights violations under 42. U.S.C. § 1983. As another Ohio federal district court succinctly explained:

> Ohio courts . . . are not *sui juris* and cannot be sued under § 1983; judges are entitled to absolute judicial immunity from suit in connection with actions taken within the scope of their official judicial duties; and plaintiffs may not proceed under § 1983 against private parties no matter how unlawful or discriminatory their alleged conduct.

*Taylor v. Homes*, No. 1:24-cv-01167, 2024 U.S. Dist. LEXIS 152188, at *3 (N.D. Ohio Aug. 26, 2024); *see also Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 331 (6th Cir. 2022) (Ohio state courts are an arm of the State and entitled to sovereign immunity). Likewise, Ohio state court staff sued in their official capacities for monetary damages are protected by sovereign immunity. *See Williams v. Parikh*, No. 24-3059, 2024 WL 5355086, at *2 (6th Cir. Sept. 4, 2024) ("[C]laims against clerks in their official capacity would be barred by sovereign immunity, just like claims against the office itself."). Finally, attorneys acting on behalf of the government are also entitled to immunity. *See Portnov v. Readler*, No. 1:20-CV-475, 2020 WL 4042774, at *3 (S.D. Ohio July 2, 2020), *report and recommendation adopted*, No. 1:20-CV-475, 2020 WL 4039298 (S.D. Ohio July 17, 2020) ("G]overnment attorneys who undertake the defense of a civil

7

suit enjoy the same absolute immunity as that enjoyed by government prosecutors." (citing *Al-Bari v. Winn*, 907 F.2d 150 (6th Cir. 1990)).

Thus, Plaintiff's causes of action against Judges Mowery and Mallory are entitled to absolute immunity; Solicitor Haas and Assistant Solicitor Gerard are entitled to immunity for actions taken on behalf of the government; the state court clerks, bailiffs, and other staff are entitled to sovereign immunity; to the extent he is also trying to sue the state courts themselves, they would be protected from suit because they are not *sui juris* and cannot be sued under § 1983; and Ms. Potter and the property management company, Arrowhead Sidney LLC, are private actors and cannot be sued under § 1983 for federal constitutional violations.[2]

Finally, and in the alternative, even if there were not numerous federal judicial doctrines preventing this Court from hearing this case, the Undersigned would still recommend that Plaintiff's Complaint be dismissed in its entirety on the grounds that it is frivolous. A complaint is frivolous "if the plaintiff fails to present a claim with an arguable basis either in law or fact." *Hunter v. Dist. of Asia*, No. 21-1831, 2022 WL 19520640, at *1 (6th Cir. Aug. 8, 2022) (quoting in part *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (further citations and quotations omitted)). "A claim lacks an arguable basis in law when 'indisputably meritless' legal theories underlie the complaint and it lacks an arguable basis in fact when it relies on 'fantastic or delusional' allegations." *Id.* (quoting in part *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Here, Plaintiff's Complaint lacks both an arguable basis in law and fact. Plaintiff's Complaint is devoid of facts, contains only labels and conclusions, and rests on the delusional premise that the entire Ohio judiciary is "in a state of total collapse" and that there is a vast criminal

---

[2] Although Plaintiff indicates in his initial Complaint that he has filed this against Defendants in their official and individual capacities, the Complaint is devoid of factual allegations pertaining to any actions by Defendants in their individual capacities. Thus, the Court finds that Plaintiff has failed to plausibly state a claim against Defendants for acting in their individual capacities.

conspiracy against him warranting protection by the United States Marshals and the arrest of all Defendants. Such allegations have no plausible basis in fact or law. The Court finds Plaintiff's Complaint implausible and frivolous, warranting dismissal. *See Miller v. Ohio C.R. Comm'n*, No. 1:24-cv-712, 2025 U.S. Dist. LEXIS 3724, at *2 (S.D. Ohio Jan. 8, 2025) ("The Court need not accept as true factual allegations that are 'fantastic or delusional' in reviewing a complaint for frivolousness."). Additionally, Plaintiff's Complaint violates Rule 8 because his allegations lack specificity and largely fails to identify specific conduct by specific actors. At bottom, Plaintiff's Complaint amounts to nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft*, 556 U.S. at 678.

For all these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in its entirety under §1915(e)(2)(B).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is **GRANTED**. (ECF No. 1.) In addition, for the reasons above, the Undersigned further **RECOMMENDS** that this case be **DISMISSED** under § 1915(e)(2)(B) for the following reasons: lack of jurisdiction; the Complaint is frivolous; and the Complaint otherwise fails to state a claim. Moreover, because the Undersigned recommends dismissal of this case for lack of jurisdiction, it is further **RECOMMENDED** that Plaintiff's pending motions for Emergency Relief and for leave to file electronically be **DENIED AS MOOT**. (ECF Nos. 2–7.) Finally, it is further **RECOMMENDED** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** plaintiff leave to appeal *in forma pauperis*.

9

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**