UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Rhea,

    Plaintiff,

    v.

State of Ohio, *et al.*,

    Defendants.

Case No. 2:26-cv-376

Judge Michael H. Watson

Magistrate Judge Shimeall

## OPINION AND ORDER

Christopher Rhea ("Plaintiff") proceeds without the assistance of counsel or the prepayment of fees.  The Magistrate Judge performed an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R"), which recommended that the Court dismiss the Complaint in its entirety for lack of subject-matter jurisdiction, failure to state a claim, and because it is frivolous.  R&R, ECF No. 9.

Plaintiff objects that the Magistrate Judge: (1) refused to consider his evidence because his submissions were single-spaced; (2) improperly worked past regular business hours to issue the R&R; and (3) failed to acknowledge the State of Ohio's statutory default.  Obj., ECF No. 12.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court determines *de novo* any portion of the R&R that Plaintiff properly objected to.

The objections are overruled.  First, the Magistrate Judge did not recommend dismissal based on the spacing of Plaintiff's submissions; he

recommended dismissal based on the failure of the Complaint to demonstrate subject-matter jurisdiction or state a claim for which relief can be granted.  R&R, ECF No. 9.  Moreover, evidence is irrelevant to the issue under consideration: whether the Complaint, on its face, could survive a motion to dismiss.  Finally, the State is not in any default for purposes of this federal litigation.

Plaintiff's objection fails to address the heart of the R&R, which is that the Complaint is barred for lack of subject-matter jurisdiction, failure to state a claim, and because it is patently frivolous.  The entire Complaint is a series of sentence fragments devoid of any connection to specific Defendants.  *See* ECF No. 1-1. The only things clear from the Complaint are that: (1) Plaintiff's claims somehow stem from an eviction[1] he believes is retaliatory; (2) Plaintiff believes the Supreme Court of Ohio refuses to file certain documents and that the entire State government is conspiring against him; and (3) Plaintiff seeks a protective order and placement in a "Safe House," asserting that he is a federal whistleblower. *See id.*  But the Complaint fails for the reasons addressed in the R&R.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **DISMISSES WITHOUT PREJUDICE** the Complaint, **DENIES** as moot all

---

[1] Although the exhibits attached to the Complaint suggest that the eviction action was dismissed, ECF No. 1-1 at PAGEID ## 9, 28, Plaintiff plainly alleges that he was evicted.  It appears that the eviction occurred after the dismissal.

pending motions, and **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion and Order would not be taken in good faith.

The Clerk shall enter judgment and close this case.  Plaintiff is **PERMITTED** to file a proper notice of appeal but is **DIRECTED** not to file any other documents.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**